# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE E. MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-708-GMS |
| | ) | |
| L. AARON CHAFFINCH, | ) | |
| THOMAS F. MACLEISH, | ) | |
| and DIV. OF STATE POLICE, | ) | |
| DEPT. OF SAFETY AND | ) | |
| HOMELAND SECURITY, | ) | |
| STATE OF DELAWARE | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

1. This averment fails to satisfy the general rules of pleading set forth in Rule 8(a)(2), which require that a complaint *shall* contain *a short and plain* statement of the claim, and should therefore be disregarded by the Court as nonconforming. Without waiving this objection, the defendants respond as follows: The allegations of discrimination are denied. Plaintiff is not entitled to the relief sought. The references to "judicial inquiry" are legal argument rather than factual allegations and merit no response. Denied that the plaintiff was twice passed over for promotion. Denied that the individuals promoted to lieutenant were less-qualified than plaintiff for promotion. Denied that race or gender played any role in the promotions. Denied that the plaintiff has evidence of animosity toward women or African-Americans.

2. Admitted that plaintiff's claim arose in this district, and that this Court has jurisdiction. The balance of the averment is denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

    7. Admitted.

    8. The first two sentences are admitted. The defendants are without knowledge as to the last two sentences.

    9. Admitted.

    10. Admitted.

    11(A)(1). Denied.

    11(A)(2). Denied.

    11(A)(3). Denied.

    11(A)(4). Denied.

    11(A)(5). Denied.

    11(B). Denied.

    11(C). Denied as alleged. Admitted only that the defendant recited a popular children's rhyme on social occasions. The characterization of the rhyme as "racially offensive" and "gender stereotypical" [sic] is denied.

    11(D). Denied.

    11(E). Denied.

    11(F). Denied.

    11(G). Denied.

    11(H). Denied.

    11(I). Denied.

    11(J). Denied.

    11(K). Denied.

    11(L). Denied.

    11(M). Denied.

11(N). Admitted only that the defendant has recited Limericks from memory on social occasions. The balance of the averment is denied.

11(O). Denied.

11(P). Denied.

11(Q). Denied.

11(R). This allegation should be stricken as improper pleading not worthy of any response. Without waiving the objection, the allegation is denied.

11(S). Denied.

11(T). Denied.

11(U). Denied.

11(V). Denied.

11(W). Denied.

11(X). Denied.

11(Y). Denied as alleged. Admitted only that Chaffinch did not assign a female to a permanent troop command during his tenure.

11(Z). Denied.

11(AA). The first sentence is denied. The balance of the averment is admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted that Brown and Eisenhardt were promoted. Denied that they were less qualified than plaintiff.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. The defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 34 of this Answer.

36. Denied.

37. Denied.

38. Admitted only that the plaintiff is an African-American female. The balance of the averment is denied.

39. Denied as alleged. Admitted only that she was not promoted to lieutenant in 2003.

40. Denied.

41. Denied.

42. Admitted.

43. Denied.

44. Admitted.

45. Denied. Numerous vacancies for promotion to lieutenant were filled from the Sergeants on "A" and "B" Band.

46. Admitted.

47. Denied.

48. This averment fails to satisfy the general rules of pleading set forth in Rule 8(a)(2), which require that a complaint *shall* contain *a short and plain* statement of the claim, and should therefore be disregarded by the Court as nonconforming. Without waiving this objection, the defendants respond as follows: Denied.

49. Denied.

50. Denied.

51. The first sentence is admitted. The second sentence is denied.

52. Admitted that the cited statistics were accurate as of the time they were measured for purposes of the Report.

53. Admitted that the cited statistics were accurate as of the time they were measured for purposes of the Report.

54. Admitted that the cited statistics were accurate as of the time they were measured for purposes of the Report.

55. Admitted that the cited statistics were accurate as of the time they were measured for purposes of the Report.

56. Denied.

57. The first sentence is denied as alleged. The Diversity Committee was created to address issues of recruitment, retention, promotion, and discipline in the area of race. The second sentence is denied.

58. [omitted in the Complaint]

59. Denied.

60. Denied.

61. Denied.

### First Affirmative Defense

As to the defendant MacLeish, the complaint fails to state a claim upon which relief can be granted as a matter of law.  MacLeish is identified as a defendant in his official capacity only.  There is no allegation that he is individually liable. There are no factual allegations whatsoever in the Complaint directed against him in his official capacity.

### Second Affirmative Defense

To the extent they are sued in their official capacities, the individual defendants enjoy qualified immunity from any claim for monetary damages.

### Third Affirmative Defense

The Eleventh Amendment of the United States Constitution bars suit against the State of Delaware, the Department of Safety and Homeland Security, and the Division of State Police as well as named defendants sued in their official capacity.

### Fourth Affirmative Defense

The Eleventh Amendment bars any claim for monetary damages against the individual defendants in their official capacities.

### Fifth Affirmative Defense

The Complaint otherwise fails to state a claim upon which relief can be granted.

WHEREFORE, the defendants pray that the Court dismiss the plaintiff's action in its entirety, with prejudice, with all costs payable by the plaintiff.

    /s/ Ralph K. Durstein III
Ralph K. Durstein III (ID# 912)
Deputy Attorney General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801

Dated:  December 19, 2005    (302)577-8510

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DIANE E. MOSS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    C. A. No. 05-708-GMS |
| | ) |
| **L. AARON CHAFFINCH,** | ) |
| **THOMAS F. MACLEISH,** | ) |
| **and DIV. OF STATE POLICE,** | ) |
| **DEPT. OF SAFETY AND** | ) |
| **HOMELAND SECURITY,** | ) |
| **STATE OF DELAWARE** | ) |
| | ) |
|     **Defendants.** | ) |

### CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on December 19, 2005, he caused the attached Answer to the Complaint to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

    Thomas S. Neuberger, Esq.
    The Neuberger Firm
    Two East Seventh Street, Suite 302
    Wilmington, DE 19801

                                                     /s/ Ralph K. Durstein III
                                                     Ralph K. Durstein III, I.D. #912
                                                     Deputy Attorney General
                                                     Department of Justice
                                                     State of Delaware
                                                     820 N. French Street, 6th Floor
                                                     Wilmington, DE  19801
                                                     (302)577-8510