# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SGT. DIANE MOSS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| COLONEL L. AARON CHAFFINCH, : | C.A.No.05-708-GMS |
| individually; COLONEL THOMAS F. : | |
| MACLEISH, in his official capacity as the : | |
| Superintendent, Delaware State Police; and : | |
| DIVISION OF STATE POLICE, DEPARTMENT : | |
| OF SAFETY AND HOMELAND SECURITY, : | |
| STATE OF DELAWARE, : | |
| : | |
| Defendants. : | |
| : | |

**JOINT STATUS REPORT**

In accord with the Court's Notice of Scheduling Conference practice, the parties hereby submit this status report addressing the conference's agenda items.

1. **Jurisdiction and Service**.  The Court has subject matter and personal jurisdiction over all parties and no parties remain to be served.

2. **Substance of the Action**.

    Plaintiff's Statement: Plaintiff claims defendant Chaffinch violated her Fourteenth Amendment rights to be free of illicit gender and race discrimination when he twice refused to promote her to the position of Lieutenant, despite being the most qualified candidate.

    Defendants' Statement:  Promotions to the rank of Lieutenant are made through a process of testing and evaluation, yielding promotional decisions based on relative merit, to the extent positions are available.  Plaintiff was one of a number of qualified officers who were not promoted, based on valid professional criteria other than race or gender.  She was not the most qualified candidate for promotion.

3. **Identification of Issues**.  The factual and legal issues genuinely in dispute include the issues set forth in number 2 above and in number 12 below.

4. **Narrowing of Issues**.  The issues may be narrowed by dispositive motions and/or stipulation of the parties following discovery.

5. **Relief**.

    Plaintiff's Statement: Plaintiff seeks compensatory damages for lost wages and overtime, back pay, pension and other benefits, for future or front pay, loss of earning capacity, emotional distress, humiliation, embarrassment, and injury to reputation.  The amount of economic damages

remains to be computed. Plaintiff also seeks punitive damages as well as attorneys fees, costs and pre and post judgment interest. Additionally, plaintiff seeks several forms of injunctive relief, including: a reparative injunction directing that upon retirement plaintiff's pension and other benefits be calculated as if she had been promoted to the rank of lieutenant and a reparative injunction directing that the individual defendant place a signed document in plaintiff's personnel file indicating that she was qualified to be promoted to the rank of Lieutenant, that but for illegal conduct by the defendants she would have been promoted to that rank, and apologizing to plaintiff for violating her constitutional rights. The specifics of the relief plaintiff requests is set forth in greater detail in the Wherefore clause of the First Amended Complaint. (D.I. 1).

Defense: The dollar amount of plaintiff's back pay claim from November 1, 2004 to her voluntary retirement on March 7, 2006 is **$7,256**. The present value of plaintiff's claim to an increased pension benefit is **$14,520**. Plaintiff's combined wage/pension damage claim is thus **$21,776**. Defendants deny that she is entitled to the relief requested.

6. **Amendment of the Pleadings**. The parties seek a deadline of  May 1, 2006  for all motions to amend the pleadings.

7. **Joinder of the Parties**. The parties seek a deadline of  May 1, 2006  for all motions to join other parties.

8. **Discovery**. The parties agree that initial disclosures be exchanged by April 10, 2006. The parties also agree that the discovery deadline should be December 31, 2006.

Plaintiff's Statement: Plaintiff anticipates that because of numerous pending trials before this Court, it is anticipated that discovery will not be able to commence until July 2006 at the earliest. Plaintiff believes that the parties should informally hold off on all discovery until that

time.

<u>Defense</u>: Discovery should commence immediately in order to be completed by the proposed December 31, 2006 deadline. There is no reason to delay the start of "paper" (and electronic) discovery. Defendants are agreeable to noticing no depositions before July 1, 2006.

9. **Estimated Trial Length**. The parties believe that a __five (5)__ day trial is needed, including jury selection. The parties recognize that the Court can always cut back on the scheduled trial time following the close of discovery and submission of issues at summary judgment, both of which may narrow the issues.

10. **Jury Trial**. A jury trial has been demanded by plaintiff. (<u>See</u> D.I. 1 at 1).

11. **Settlement**.

<u>Plaintiff's Statement</u>: The parties have begun settlement discussions. The parties are in the process of conferring about other matters as required by Rule 26(f). Plaintiff believes that referral to the U.S. Magistrate for mediation would be both helpful and appropriate.

<u>Defense</u>: The defendants have made a settlement offer, and respectfully request the intervention of the United States Magistrate at the earliest possible date to facilitate negotiations.

12. **Other Matters**.

<u>Plaintiff's Statement:</u>

<u>Issue # 1</u>. Plaintiff's lead counsel also has certain health considerations of which the Court and defense counsel are already aware. Although no problems are anticipated, plaintiff does wish to flag this issue for the Court.

<u>Defense</u>: Defendants and their attorneys will accommodate counsel as needed in this regard.

<u>Issue # 2</u>.  Plaintiff anticipates that the destruction of evidence issues raised in the pending matters of <u>Conley v. Chaffinch, et al.</u>, C.A.No. 04-1394-GMS; <u>Foraker v. Chaffinch, et al.</u>, C.A.No. 04-1207-GMS; and <u>Price, et al. v. Chaffinch, et al.</u>, C.A.No. 04-956-GMS, also will be raised in the present matter.

<u>Defense</u>:  The defense does not anticipate any problems in this regard. Steps have already been taken to preserve evidence in this case.  However, the plaintiff's failure to pursue administrative remedies means that her lawsuit was the first notice to the defendants of the claims now asserted, which date to 2004 and earlier.  To the extent that any evidence has been lost during the intervening period, that loss would be attributable to plaintiff's delay in seeking any remedy for the claims she now raises.  Pursuant to the draft Rules amendments regarding electronic discovery, the plaintiff should take steps to immediately identify any documents or other materials she seeks from defendants' custody.

<u>Issue # 3</u>.  As discussed above, due to plaintiff's counsel's heavy trial schedule in the three above referenced cases against the Delaware State Police, counsel anticipates that discovery in the present case will not begin until approximately July 2006.

<u>Defense</u>:  There is no valid reason to delay initial discovery in this case. At the very least, initial interrogatories and production requests should proceed.  Defendants are agreeable to delaying any depositions until after July 1, 2006.

<u>Issue # 4</u>.  In late December 2005, plaintiff raised with defendants the issue of defense counsel Durstein having the same conflict of interest representing defendant Chaffinch that he had in the pending <u>Conley v. Chaffinch</u> action.  Defense counsel has acknowledged that Chaffinch will be retaining counsel other than current defense counsel.  Plaintiff requests that Chaffinch be ordered to retain new counsel and have such counsel enter their appearance within

two weeks of the date of this order.

<span style="text-align:center">_Defense_:</span>  The defense has acknowledged the conflict of interest issue, and is in the process of investigating it.  The issues in this case are different from those in the *Conley* case, and the comparison is not helpful.  It is anticipated that substitute counsel will be necessary.  The proposed deadline for entry of an appearance is unrealistic.  Defendants would propose a deadline of May 1, 2006 for resolution of this issue.

13.  **Conferring About Each of the Above Matters.**   The parties have conferred about each of the above matters.

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Plaintiff

DEPARTMENT OF JUSTICE

<u>/s/ Ralph K. Durstein</u>
**RALPH K. DURSTEIN III (#912)**
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8510

Attorneys for Defendants

Date:   March 16, 2006

Moss / Pleadings / P's Status Report. FINAL

## **CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on March 16, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Ralph K. Durstein III
>Department of Justice
>Carvel State Office Building
>820 N. French Street
>Wilmington, DE 19801
>ralph.durstein@state.de.us


>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**